UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIZABETH FLINT                                                                    CV

                                Plaintiff,
             -against-                                                      **COMPLAINT**

1329 BEACH REALTY LLC                                              **JURY TRIAL REQUESTED**

                                Defendant.
-----------------------------------------------------------------x

## COMPLAINT

Plaintiff Elizabeth Flint (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendant 1329 Beach Realty LLC ("Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the Defendant. In this action, Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. As explained more fully below, Defendant owns, leases to, operates and controls a place of public accommodation that violates the above-mentioned laws. Defendant is vicariously liable for the acts and omissions of its employees and agents for the conduct alleged herein.

1

2. Defendant made a financial decision to ignore the explicit legal requirements for making its place of public accommodation accessible to persons with disabilities – all in the hopes that it would never be caught. In so doing, Defendant made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendant to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, Plaintiff Elizabeth Flint has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, Plaintiff Elizabeth Flint has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. Defendant 1329 Beach Realty LLC owns and operates the property located at 13-29 Beach Channel Drive in Queens County, New York (hereinafter referred to as "13-29 Beach Channel Drive").

8. Defendant is licensed to and does business in New York State.

9. At all relevant times, Defendant leases 13-29 Beach Channel Drive to a place of public accommodation.

10. At all relevant times, a place of public accommodation doing business as Shop Fair Supermarkets is operated at 13-29 Beach Channel Drive1329 Beach Realty LLC (hereinafter referred to as the "Shop Fair Supermarkets" premises).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Defendant is a public accommodation as it owns, leases, leases to, controls or operates a place of public accommodation, the Shop Fair Supermarkets premises located at 13-29 Beach Channel Drive, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

12. The Shop Fair Supermarkets premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

3

13. Numerous architectural barriers exist at Defendant's place of public accommodation that prevent and/or restrict access to Plaintiff, a person with a disability.

14. Upon information and belief, 13-29 Beach Channel Drive was designed and constructed for first possession after January 26, 1993.

15. Upon information and belief, at some time after January 1992, Defendant made alterations to 13-29 Beach Channel Drive, including areas adjacent and/or attached to 13-29 Beach Channel Drive.

16. Upon information and belief, at some time after January 1992, Defendant made alterations to the Shop Fair Supermarkets premises, and to areas of 13-29 Beach Channel Drive related to the Shop Fair Supermarkets premises.

17. Within the past three years of filing this action, Plaintiff attempted to and desired to access the Shop Fair Supermarkets premises.

18. The services, features, elements and spaces of Defendant's place of public accommodation are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

19. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal and complete access to Defendant's place of public accommodation.

20. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

21. Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Defendant's place of public accommodation as well as barriers that exist include, but are not limited to, the following:

Site Arrival:

    I. There are no accessible routes from the sidewalks to the public entrances. See below.
*Defendant fails to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 Standards 4.1.2(1), 2010 Standards 206.2.1, and 2014 NYC 1104.1.*

    II. There are no accessible routes from accessible parking spaces to the public entrances. See below.
*Defendant fails to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 Standards 4.1.2(1), 2010 Standards 206.2.1, and 2014 NYC 1104.1.*

    III. The counter slopes of the adjoining surface immediately adjacent to the attempted curb ramp at the front entrance (along the route between the sidewalk/accessible parking spaces and the entrance) slopes more than 1:20.
*Defendant fails to provide accessible curb ramps with counter slopes of adjoining gutters and road surfaces immediately adjacent not be steeper than 1:20. See 1991 Standards 4.7.2, 2010 Standards 406.2, and 2014 NYC 406.2.*

    IV. The transition the adjoining surface immediately adjacent to the attempted curb ramp at the front entrance (along the route between the sidewalk/accessible parking spaces and the entrance) is not at the same level (due to rough concrete).
*Defendant fails to provide accessible curb ramps with transitions to walks, gutters, and streets at the same level. See 1991 Standards 4.7.2, 2010 Standards 406.2, and 2014 NYC 406.2.*

V. The attempted curb ramp at the front entrance (along the route between the sidewalk/accessible parking spaces and the entrance) lacks the required landings.
*Defendant fails to provide accessible curb ramps with the required landings at the tops. See 1991 Standards 4.7.5, 2010 Standards 406.4, and 2014 NYC 406.4.*

VI. The attempted curb ramp at the front entrance (along the route between the sidewalk/accessible parking spaces and the entrance) has a running slope that is steeper than 1:12.
*Defendant fails to provide running slopes that are not steeper than 1:12 (8.33%) at accessible curb ramps. See 1991 Standards 4.8.2, 2010 Standards 405.2, and 2014 NYC 405.2.*

VII. The attempted curb ramp at the front entrance (along the route between the sidewalk/accessible parking spaces and the entrance) has cross slopes that are steeper than 1:48.
*Defendant fails to provide cross slopes that are not steeper than 1:48 (2.0%) at accessible curb ramps. See 1991 Standards 4.8.2, 2010 Standards 405.3, and 2014 NYC 405.3.*

VIII. The attempted ramp at the rear entrance (along the route between accessible parking spaces and the entrance) has a running slope that is steeper than 1:12.
*Defendant fails to provide running slopes that are not steeper than 1:12 (8.33%) at accessible ramps. See 1991 Standards 4.8.2, 2010 Standards 405.2, and 2014 NYC 405.2.*

IX. The attempted ramp at the rear entrance (along the route between accessible parking spaces and the entrance) lacks the required landings.
*Defendant fails to provide a top landing at accessible ramps. See 1991 Standards 4.8.4, 2010 Standards 405.7, and 2014 NYC 405.7. Defendant fails to provide a bottom landing at accessible ramps. See 1991 Standards 4.8.4, 2010 Standards 405.7, and 2014 NYC 405.7. Defendant fails to provide landings with slopes not steeper than 1:48 (2.0%) at accessible ramps. See 1991 Standards 4.8.4, 2010 Standards 405.7.1, and 2014 NYC 405.7.1. Defendant fails to provide landings that are at least as wide as the ramp runs at accessible ramps. See 1991 Standards 4.8.4(1), 2010 Standards 405.7.2, and 2014 NYC 405.7.2. Defendant fails to provide landings that are at least 60 inches in length at accessible ramps. See 1991 Standards 4.8.4(2), 2010 Standards 405.7.3, and 2014 NYC 405.7.2.*

X. The attempted ramp at the rear entrance (along the route between accessible parking spaces and the entrance) lacks the required handrails.
*Defendant fails to provide the required handrails at accessible ramps. See 1991 Standards 4.8.5, 2010 Standards 405.8, and 2014 NYC 405.8.*
*Defendant fails to provide the required handrails on both sides of accessible ramps. See 1991 Standards 4.8.5(1), 2010 Standards 505.2, and 2014 NYC 505.2.*
*Defendant fails to provide handrails that are 34 inches minimum and 36 inches maximum above the finish floor at accessible ramps. See 1991 Standards 4.8.5(5), 2010 Standards 505.4, and 2014 NYC 505.4.*
*Defendant fails to provide handrails that have ends that are either rounded or returned smoothly to floor, wall, or post at accessible ramps. See 1991 Standards 4.8.5(6), 2010 Standards 505.6, and 2014 NYC 505.6.*
*Defendant fails to provide the required handrail extensions at accessible ramps. See 1991 Standards 4.8.5(2), 2010 Standards 505.10.1, and 2014 NYC 505.10.1.*

XI. The parking spaces and access aisles labeled as accessible are not accessible. See below.
*Defendant fails to provide the minimum required number of accessible car parking spaces. See 1991 Standards 4.1.2(5)(a), and 2010 Standards 208.2, and 2014 NYC 1106.1.*

XII. The parking spaces and access aisles labeled as accessible have slopes and slopes in excess of 1:48 (2.0%).
*Defendant fails to provide accessible parking spaces and/or access aisles that are level with slopes not more than 1:48 (2.0%) and without changes in level. See 1991 Standards 4.6.3, 2010 Standards 502.4, and 2014 NYC 502.5.*

Public Entrances:

XIII. None of the public entrance are accessible due to the items described above.
*Defendant fails to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).*
*Defendant fails to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.*
*Defendant fails to provide that ALL its public entrances are accessible. See 2014 NYC 1105.1.*

7

Sales and Service Counters:

XIV. None of the sales and service counters are accessible. See below.
*Defendant fails to provide that at least one of each type of sales and/or service counter is accessible. See 1991 Standards 7.2(1), 2010 Standards 227.3, and 2014 NYC 1109.11.3.*

XV. The deli counter is more than 36 inches above the finish floor. Furthermore, the counter is less than 36 inches in length.
*Defendant fails to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

XVI. The butcher counter is more than 36 inches above the finish floor. Furthermore, the counter is less than 36 inches in length.
*Defendant fails to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

XVII. The seafood counter is more than 36 inches above the finish floor. Furthermore, the counter is less than 36 inches in length.
*Defendant fails to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

XVIII. The service counter is more than 36 inches above the finish floor. Furthermore, the counter is less than 36 inches in length.
*Defendant fails to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

XIX. The POS machines at the service counter are outside of an accessible reach range.

        *Defendant fails to provide that operable parts are within accessible reach ranges at accessible check-out aisles. See 1991 Standards 4.2.5 and 4.2.6, 2010 Standards 308.1, and 2014 NYC 308.1.*

XX.      None of the check-out counters are accessible. See below.
*Defendant fails to provide that a sufficient number of check-out aisle are accessible (or that accessible check-out aisle are open).  See 1991 Standards 7.3(1), 2010 Standards 227.2, and 2014 NYC 1109.12.*

XXI.      None of the check-out counters provide an accessible route of 36 inches.
*Defendant fails to provide an accessible route to and from accessible check-out aisles.  See 1991 Standards 4.1.2(2), 2010 Standards 206.2.2, and 2014 NYC 1104.3.*
*Defendant fails to provide a clear width of 36 inches at accessible check-out aisles.  See 1991 Standards 7.3(2), 2010 Standards 904.3.1, and 2014 NYC 904.4.1.*

Accessible Routes:

XXII.      Many of the routes thought the facility are less than 36 inches wide due to merchandise, displays, and stocking.
*Defendant fails to provide an accessible route of at least 36 inches. See 1991 Standards 4.3.3, 2010 Standards 403.5.1, and 2014 NYC 403.5.*

XXIII.      Many of the routes thought the facility lack the required maneuvering to make a 180-degree turn due to merchandise, displays, and stalking.
*Defendant fails to provide the minimum required maneuvering clearances from which to make a 180-degree turn around an element along the accessible route.  See 1991 Standards 4.3.3, 2010 Standards 403.5.2, and 2014 NYC 403.5.1.*

22.      Upon information and belief, a full inspection of the Defendant's place of public accommodation will reveal the existence of other barriers to access.

23.      As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Defendant's public accommodation in order to catalogue

and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

24. Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

25. Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided reasonable accommodations or modifications to persons with disabilities.

26. Plaintiff has a realistic, credible and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within Defendant's place of public accommodation continue to exist and deter Plaintiff.

27. Plaintiff frequently travels to the area where Defendant's place of public accommodation is located.

28. Plaintiff intends to patronize the Defendant's place of public accommodation several times a year after it becomes fully accessible.

29. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether Defendant's place of public accommodation is fully accessible.

30. Plaintiff intends to patronize the Defendant's place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether Defendant's place of public accommodation is fully accessible.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

31. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

32. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

33. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

34. Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

35. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use its place of public accommodation all because Plaintiff is disabled. Defendant's policies and practices have disparately impacted Plaintiff as well.

36. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

37. Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991

Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

38. Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

39. Upon making alterations to its public accommodation, Defendant failed to make its place of public accommodation accessible to Plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

40. Upon making these alterations to the primary function areas, Defendant failed to make the paths of travel to the primary function areas accessible to Plaintiff, in violation of 28 C.F.R. § 36.403.

41. 28 C.F.R. § 36.406(5) requires Defendant to make the facilities and elements of its noncomplying public accommodation accessible in accordance with the 2010 Standards.

42. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

43. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

44. In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

45. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

46. Defendant has and continues to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

47. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

48. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

49. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use its place of public accommodation all because Plaintiff is disabled.

50. Defendant discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendant has aided and abetted others in committing disability discrimination.

51. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

52. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

53. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

54. It would not impose an undue hardship or undue burden on Defendant to make its place of public accommodation fully accessible.

55. As a direct and proximate result of Defendant's unlawful discrimination in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

56. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

57. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58. Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

59. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.

60. Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public accommodation all because of disability in violation of the Administrative Code § 8-107(4). Each of the Defendant has aided and abetted others in committing disability discrimination.

61. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

62. Defendant has subjected, and continues to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

63. In violation of Administrative Code § 8-107(6), Defendant has and continues to, aid and abet, incite, compel or coerce each other in each of the other Defendant's attempts to, and in its acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

64. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, 1329 Beach Realty LLC continuously controlled, managed and operated the public sidewalk abutting 13-29 Beach Channel Drive, which includes the portion of the sidewalk constituting the entrance to Defendant's place of public accommodation.

65. 1329 Beach Realty LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendant's place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

66. Defendant discriminated against Plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

67. As a direct and proximate result of Defendant's unlawful discrimination in violation of the Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

68. Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious,

and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

69. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

70. Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

71. By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

72. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## **FOURTH CAUSE OF ACTION**
## **(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

73. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

74. Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

75. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

76. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

77. Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices and procedures.

78. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

79. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

80. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by Defendant against Plaintiff and as to required alterations and modifications to Defendant's place of public accommodation, facilities, goods and services, and to Defendant's policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

81. In order to enforce Plaintiff's rights against the Defendant, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices and procedures;

B. Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages as a result of Defendant's violations of New York State Executive Law and the Administrative Code of the City of New York;

E. Award Plaintiff punitive damages in order to punish and deter the Defendant for its violations of the Administrative Code of the City of New York;

F. Award Plaintiff the monetary penalties for each and every violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

H. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: May 7, 2020
      New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By: /s
    Glen H. Parker, Esq.
    Adam S. Hanski, Esq.
    Robert G. Hanski, Esq.
    Attorneys for Plaintiff
    40 Worth Street, 10th Floor
    New York, New York 10013
    Telephone: (212) 248-7400
    Facsimile: (212) 248-5600
    Email:ash@parkerhanski.com
    Email:ghp@parkerhanski.com
    Email:rgh@parkerhanski.com